# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| IN RE: | ERIC LONG, | : | Chapter 7 |
| | | : | |
| | Debtor | : | Bky. No.  17-10828 ELF |

# O R D E R

**AND NOW,** upon consideration of the Debtor's Motion to Reopen Bankruptcy Case to Administer Assets ("the Motion") (Doc. # 69), it is hereby **ORDERED** that the Motion is **DENIED**.[1]

Date: **September 11, 2017**

ERIC L. FRANK
CHIEF U.S. BANKRUPTCY JUDGE

cc:   Eric Long
1000 Follies Road, Drawer K
Inmate #LY 2843
SCI Dallas
Dallas, PA 18612

---

[1]   The Motion, filed by this pro se Debtor is based on his misunderstanding of the bankruptcy process.  This case is not closed.  It likely will be closed soon, but it is not yet closed.  Thus, a motion to reopen an open case is obviously unnecessary.

But the phantom "closing" of the case is probably not what prompted the Debtor to file the Motion.  The Trustee has filed a report stating that there are no assets to administer and the Debtor is dissatisfied with that decision. It appears that the Debtor's believes that the Trustee is not collecting what the Debtor believes to be very valuable asset.  (The Debtor also appears to be under the impression that the Trustee's job is to help the Debtor gain control of the Debtor's assets and to deliver those assets to the Debtor.  Not true.  The Trustee's job is collect and administer assets for the benefit of creditors).

In any event, the Debtor believes that he has submitted information to the Trustee showing the existence of a valuable asset in which the Trustee should be showing some interest.  The Trustee disagrees and has concluded that the Debtor has provided him with no evidence that a valuable asset exists.

Because the Debtor has been copying the court with all of his correspondence regarding the supposed asset, I also have reviewed the "evidence" regarding the existence of this asset.  Having done so, I agree with the Trustee that the documents submitted by the Debtor do not demonstrate that he owns any valuable asset that might be administered in this bankruptcy case and I  see no reason to override the Trustee's judgment.  Therefore, the Motion will be denied.